# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENIO HAROS-GIRON,<br><br>    Petitioner/Defendant,<br>vs.<br>UNITED STATES OF AMERICA,<br><br>    Respondent/Plaintiff. | CASE NO. 13cv221-LAB/<br>11cr1097-LAB<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTION BROUGHT PURSUANT TO 28 U.S.C. § 2255** |

Petitioner Eugenio Haros-Giron pleaded guilty to conspiracy to import marijuana, and aiding and abetting the importation of marijuana, and was sentenced to the mandatory minimum 60 months' imprisonment for each offense, to run concurrently, plus five years' supervised release. He appealed his sentence, which was affirmed.

On January 25, 2013, Haros-Giron, now proceeding *pro se*, filed a motion pursuant to 28 U.S.C. § 2255 to vacate his sentence. He raises four separate grounds for relief, but all are vague and incomplete.

Under § 2255(b), the Court must require the government to respond to the motion, "unless the files and records of the case conclusively show that the prisoner is entitled to no relief." The Ninth Circuit has explained that this "standard essentially is whether the movant has made specific factual allegations that, if true, state a claim on which relief could be granted." *United States v. Withers*, 638 F.3d 1055, 1062 (9th Cir. 2011).

**First Ground**

Haros-Giron argues that his counsel did not adequately prepare for trial. (Apparently he means proceedings generally, since there was no trial.) He says his attorney did not adequately prepare for plea negotiation and sentencing, and alleges "there is no indication that counsel spent adequate time to seek a favorable plea agreement from the government." (Motion at 5.) He also argues his attorney never visited him before the sentencing, and makes a vague remark that his attorney told him "that the government would be speaking with him concerning some kind of cooperation that would warrant downward departure." (*Id*.)

The transcripts of the change of plea hearing and sentencing hearings were filed in the docket in connection with Haros-Giron's appeal, however, and they show that some of Haros-Giron's allegations are wrong. For example, the transcript shows Haros-Giron gave inconsistent answers about whether his lawyer had met with him to discuss the plea, and only recalled the discussions after he was reminded. (*See* Change of Plea Tr. (Docket no. 138) at 9:22–12:3.) But it is clear that Haros-Giron's counsel met with him, despite what he now says.

Haros-Giron alleges there is no evidence his attorney sought a favorable plea deal. Even construing this to allege that his attorney was obligated to seek a favorable plea agreement and didn't do so, he is wrong. The record shows Haros-Giron's attorney discussed the advantages and disadvantages of pleading without an agreement, and Haros-Giron himself wanted to plead guilty without an agreement. (Change of Plea Tr. at 9:7–12:3.) This was a strategic choice, because any plea agreement the government was willing to offer would have required him to wave the appeal and collateral attack. Furthermore, Haros-Giron hasn't alleged that a favorable plea agreement would have been offered if his attorney had pressed for it.

The vague remark about possible cooperation does not show Haros-Giron is entitled to any relief. It is not clear what this is referring to. If Haros-Giron is referring to acceptance of responsibility, he got the benefit of that. If he is referring to a Rule 35 motion, he hasn't provided any details that would show what his attorney should have done to persuade the

government to make this motion, nor has he even shown why he would be eligible for it. *See Wade v. United States*, 504 U.S. 181, 186–87 (1992) (holding that the government was not obligated to file a motion for downward depature for substantial assistance).

**Second Ground**

Haros-Giron's second claim is not very clear, but apparently he is arguing that his counsel misadvised him, falsely telling him that the government had agreed to advise the Court to impose a sentence of between 37 and 46 months. He claims that he was induced into pleading guilty by this offer. In fact, the record shows there was no plea agreement. Whatever Haros-Giron might have hoped the government might recommend, there was no agreement that the government would do so.

The record shows Haros-Giron was told, and understood, that the mandatory minimum sentence was five years, unless he qualified for safety valve. (Change of Plea Tr. at 9:2–18.) He understood that he might not qualify for safety valve, and that if he did not, he would be sentenced to at least five years. (*Id*. at 9:11–18.) The Court's denial of safety valve after a hearing was the subject of Haros-Giron's unsuccessful appeal.

It is also possible Haros-Giron thinks the government offered to recommend 37 to 46 months, and that his attorney was required to provide him a copy of the agreement. Even assuming a written agreement existed at this point, the only requirement is that the defendant be adequately told about the terms of the offer. *See United States v. Blaylock*, 20 F.3d 1458, 1465–66 (9th Cir. 1994); *United States v. Rivera-Sanchez*, 222 F.3d 1057, 1060–61 (9th Cir. 2000). *See also id.* at 1061 (rejecting argument that defendant was entitled to a written explanation of a proffered plea agreement).

**Third Ground**

This claim merely argues that a lawyer must adequately advise a defendant about pleading guilty, but it stops there. It never alleges what Haros-Giron's attorney failed to do, or even alleges that he failed to do anything he should have done.

/ / /

/ / /

**Fourth Ground**

In this claim, Haros-Giron argues his counsel was ineffective for failing to challenge the pre-sentence report's computation of his offense level. But once again, there is no allegation of what the attorney should have done. For example, Haros-Giron doesn't allege what, if anything, was wrong with the pre-sentence report's offense level computation, or how he was harmed.

**Conclusion and Order**

Because the motion is unclear, no hearing is required at this time. *See Withers*, 638 F.3d at 1062. But, at the same time, the Court cannot say, based on the motion and the records, that all of Haros-Giron's claims lack merit and should be dismissed altogether. The motion therefore is **DENIED WITHOUT PREJUDICE** to the same claims being more adequately re-pleaded in an amended motion. If Haros-Giron thinks he can successfully amend this motion, he may do so no later than **March 8, 2013**.

**IT IS SO ORDERED**.

DATED: February 15, 2013

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge